In the Matter of ARISTILE W. HAWLEY et al., Appellants-Respondents, v MARIO M. CUOMO, as Secretary of State of the State of New York, Respondent-Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to enjoin respondent-appellant, the Secretary of State of the State of New York, from enforcing his order, dated July 21, 1976, which, *inter alia,* prohibited solicitation by licensed real estate brokers and salespersons for listings of properties for purchase or sale in the Counties of Kings and Queens, (1) petitioners appeal from so much of a judgment of the Supreme Court, Queens County, dated August 23, 1977, as, after a nonjury trial, declared that (a) respondent-appellant has authority to issue a nonsolicitation order, (b) such orders may issue constitutionally and (c) no public hearing is required before the issuance of a nonsolicitation order and (2) the Secretary of State cross-appeals from so much of the judgment as held that his order was overbroad and not supported by adequate evidence, and vacated the said order. Judgment affirmed, with costs to appellants-respondents. The Department of State is charged with the responsibility of regulating false and misleading practices in the real estate industry (Real Property Law, § 441-c). In an effort to carry out that obligation, and to achieve the vital goal of promoting stable, racially integrated neighborhoods, the department promulgated an order prohibiting licensed real estate brokers from soliciting listings of properties for sale and purchase in the Counties of Kings and Queens, except for such solicitation in newspapers of general circulation. The department claimed that after years of dealing with the problem of racial blockbusting, it has found that 90% of the two counties were experiencing dangerous instability, fear and panic resulting from

massive real estate solicitation. However, the proof adduced at the trial fell far short of supporting those allegations. Much of the evidence presented related to conditions which had existed prior to 1973 in several communities. Those conditions were alleviated, according to some of the respondent-appellant's witnesses, by prior orders which had been more limited in their geographical scope. At most, respondent-appellant proved that areas of Woodhaven and Richmond Hill had been the victims of excessive solicitation in the recent past. This is not a sufficient showing to support a two-county ban on the solicitation of commercial information. We note that we have not reached, nor have we considered, the constitutional issues raised on the petitioners' appeal in view of our agreement with Special Term's finding that respondent-appellant's order was not supported by substantial evidence. Hopkins, J. P., Martuscello, Latham and Damiani, JJ., concur. [91 Misc 2d 13.]